# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARL DEAN EDWARDS,<br><br>                             Plaintiff,<br>   v.<br><br>NEVADA, STATE OF, et al.,<br><br>                          Defendants. | Case No.  3:20-cv-00716-APG-WGC<br><br>**ORDER** |

On July 4, 2021, I issued an order screening plaintiff Carl Dean Edwards's complaint. ECF No. 24.  The screening order dismissed the complaint in its entirety and granted Edwards leave to file an amended complaint by August 9, 2021. *Id.* at 9-10.  Edwards appealed the screening order, and the Court of Appeals denied his appeal. ECF Nos. 26, 32.

During the pendency of the appeal, Edwards filed an incomplete civil rights complaint. ECF No. 28.  This document included a civil rights complaint cover page and numerous exhibits, but it does not include any factual allegations or statement about the claims Edwards is bringing. A complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Edwards also did not sign the complaint as required for all *pro se* litigants by Rule 11(a) of the Federal Rules of Civil Procedure.  Accordingly, I will not accept this incomplete, unsigned document as an operative amended complaint.  However, because of Edwards's *pro se* status, I will grant him until November 30, 2021 to file a complete, signed first amended complaint.

If Edwards chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be

complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Edwards's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Moreover, Edwards should file the amended complaint on this court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

If Edwards chooses to file an amended complaint curing the deficiencies as outlined in this order, he will file the amended complaint by November 30, 2021. If Edwards does not to file an amended complaint curing the stated deficiencies, this action will be dismissed for failure to state a claim.

I therefore order that I do not accept Edwards's incomplete complaint (ECF No. 28) as an operative amended complaint.

I further order that, if Edwards chooses to file a complete amended complaint curing the deficiencies of his initial complaint as outlined in my screening order, he will file the amended complaint **by November 30, 2021**.

I further order the Clerk of the Court to send to Edwards the approved form for filing a § 1983 complaint and instructions for the same. If Edwards chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption. If Edwards files an amended complaint, I will screen it in a separate screening order. The screening process will take several months.

I further order that if Edwards fails to timely file an amended complaint curing the deficiencies outlined in my screening order, this action will be dismissed with prejudice.

DATED THIS 22nd day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE