# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CARL DEAN EDWARDS,

                                    Plaintiff,

   v.

NEVADA, STATE OF, et al.,

                                    Defendants.

Case No.  3:20-cv-00716-APG-WGC

**ORDER**

Plaintiff Carl Dean Edwards has filed a document purporting to object to a Magistrate Judge's order. ECF No. 29. Edwards also filed a second document titled "Objections to Magistrate's Screening" (ECF No. 38) and over 200 pages of arguments and exhibits in support of his objections (ECF Nos. 36, 37).

Although the objections are not entirely clear, it appears that Edwards is objecting to the screening order that I issued on July 4, 2021. That order found that Edwards did not state any colorable claims and dismissed his complaint without prejudice, and with leave to file an amended complaint. ECF No. 24. However, I am a District Court Judge. Because I issued the screening order, I deny Edwards's attempt to object to a Magistrate Judge's order.  But in light of Edwards's *pro se* status, I will construe the filings as motions for reconsideration.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th

1  Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and

2  arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d

3  1280, 1288 (D. Nev. 2005).

4      In his initial motion, Edwards argues that Ely State Prison must be shut down because it

5  has many problems. ECF No. 29 at 1-2.  None of these allegations provides any valid reason for

6  me to reconsider my screening order, which found that Edwards did not state any colorable claims

7  in his complaint. In his brief, Edwards argues at length that he is being discriminated or retaliated

8  against by numerous officials in the Nevada Department of Corrections, as well as the jury and the

9  judge from his criminal trial. *See generally* ECF No. 36.  However, none of those arguments

10  provides a valid reason for me to reconsider whether Edwards stated any colorable claims in his

11  complaint.

12      In the document title "Objections to Magistrate's Screening,"  Edwards objects that he has

13  not been provided counsel, the court may have received the wrong complaint, his complaint is

14  simple and concise, he did not request leave to amend, and the court has not conducted pretrial or

15  settlement conferences. ECF No. 38 at 1-2.  None of those arguments provides a valid reason for

16  me to reconsider whether Edwards stated any colorable claims in his complaint.

17      The screening order provided Edwards leave to file an amended complaint.  If he believes

18  that the court received the wrong complaint, he may file the correct complaint.  Edwards states

19  that he will not file an amended complaint, his lawyer will file an amended complaint. *Id.* at 2.  If

20  Edwards has counsel, he may have his lawyer file the amended complaint.  However, I will not

21  extend the November 30, 2021 deadline for any amended complaint.

22

23

1    I therefore order that Edwards's objections to a Magistrate Judge's order (ECF Nos. 29,

2   38) are denied.  To the extent that they can be considered motions for reconsideration, they are

3   also denied.

4    DATED THIS 5th day of November, 2021.

5

6   _____

7   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23