UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL DEAN EDWARDS, <br><br> Plaintiff, <br> v. <br> NEVADA, STATE OF, *et al.*, <br><br> Defendants. | Case No. 3:20-cv-00716-ART-CSD <br><br> ORDER |

Plaintiff Carl Dean Edwards, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), initiated this case with a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) On July 4, 2021, the Court issued an order screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 24.) The Court dismissed some of Plaintiff's claims with prejudice and dismissed other claims without prejudice and with leave to file an amended complaint by August 9, 2021. (*Id.* at 9-10.)

Plaintiff appealed the screening order, and his appeal was denied for lack of jurisdiction. (ECF Nos. 26, 33.) In the interim, Plaintiff filed a second civil rights complaint that included only a cover letter and 26 pages of exhibits. (ECF No. 28.) The Court did not accept this incomplete complaint and gave Plaintiff an extension to file to file a complete amended complaint by November 30, 2021. (ECF No. 24.)

On November 12, 2021, Plaintiff filed an amended complaint. (ECF No. 41.) The amended complaint contained only a very brief summary of Plaintiff's claims and directed the Court to Plaintiff's other filings for details on his claims and factual allegations. (*Id.* at 4-6.) On December 9, 2021, The Court dismissed the amended complaint without prejudice and with leave to amend because the amended complaint did not contain any specific claims or factual allegations

1

about any of the Defendants. (ECF No. 44.) The Court explained that in any second amended complaint Plaintiff must state the facts and his claims in the body of the complaint and that failure to do so could result in dismissal of this action. (*Id.*) The Court gave Plaintiff until January 14, 2022, to file a second amended complaint. (*Id.* at 3.)

On December 13, 2021, Plaintiff filed a document entitled First Amended complaint. (ECF No. 45.) This document does not contain any factual allegations, but simply refers to Plaintiff's prior pleadings. (*Id.*) The document is dated November 20, 2021, before the Court's order dismissing his amended complaint. (*Id.* at 9.) As such, it appears that Plaintiff prepared this document prior to receiving the Court's order.

On December 29, 2021, Plaintiff refiled the amended complaint that he had previously filed on November 12, and which the Court had dismissed in its December 9, 2021, screening order. (ECF No. 47.) On January 13, 2022, Plaintiff filed a motion for an extension until February 14, 2022, to file a second amended complaint. (ECF No. 52.) On March 7, 2022, Plaintiff filed a second appeal of the Court's initial screening order, and this appeal was denied. (ECF Nos. 58, 63.)

**I.    DISCUSSION**

The Court does not accept Plaintiff's duplicative amended complaint filed at ECF No. 47 as a second amended complaint. It is an exact duplicate of the amended complaint that Plaintiff had already filed and which the Court dismissed for failure to state a claim. To the extent that it can be considered a second amended complaint, it fails to state any colorable claims, for the reasons discussed in the Court's previous screening order.

In light of Plaintiff's *pro se* status, the Court will grant Plaintiff one final opportunity to file a complete second amended complaint. As the Court has previously explained, a second amended complaint supersedes (replaces) the

1  original complaint, and any previous amended complaints and, thus, the second
2  amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v.*
3  *Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he
4  fact that a party was named in the original complaint is irrelevant; an amended
5  pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d
6  896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a
7  plaintiff is not required to reallege such claims in a subsequent amended
8  complaint to preserve them for appeal).  Any second amended complaint must
9  contain all claims, defendants, and factual allegations that Plaintiff wishes to
10 pursue in this lawsuit.  Moreover, Plaintiff should file the second amended
11 complaint on this Court's approved prisoner civil rights form and it must be
12 entitled "Second Amended Complaint."
13     For Plaintiff's benefit, the Court also notes that the District of Nevada
14 issued General Order No. 2021-05, which applies to *pro se* civil rights complaints
15 filed by inmates. It states "the complaint or any amended complaint must
16 sufficiently state the facts and claims without reference to exhibits or affidavits.
17 Failure to state the facts and claims within the body of the complaint or amended
18 complaint, without reference to any attached exhibits or affidavits, may result in
19 dismissal." General Order No. 2021-05, also states that complaints or amended
20 complaints may not exceed 30 pages. If a plaintiff believes that he needs more
21 than 30 pages, he must file a motion seeking permission to exceed the page limit,
22 and the motion itself may not exceed 3 pages. Motions to exceed the page limit
23 are looked upon with disfavor and will not be routinely granted.
24     If Plaintiff chooses to file a second amended complaint, Plaintiff will file the
25 second amended complaint within 30 days from the date of entry of this order.  If
26 Plaintiff chooses not to file a second amended complaint this case will be
27 dismissed for failure to state a claim.
28 ///

## II. CASE NUMBER

The Court notes that this case was reassigned to the undersigned Judge on April 13, 2022. (ECF No. 61.) As such, the case number was changed to 3:20cv00716-ART-CSD. (*Id.*) After that Plaintiff began refusing to accept mail from the Court on the grounds that it contained the wrong case number, and he filed a notice stating that he refuses to agree to the new case number because it would be confusing to him. (ECF No. 67.) The case number has been changed to reflect that this case was reassigned to the undersigned. As explained in the notice from the Clerk of the Court, all future documents must bear the correct case number, to 3:20cv00716-ART-CSD. (ECF No. 61.)

## III. CONCLUSION

For the foregoing reasons, it is ordered that if Plaintiff chooses to file a second amended complaint, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action will be dismissed for failure to state a claim.

DATED THIS 9th day of June 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE