UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL DEAN EDWARDS,<br><br>　　　　　　Plaintiff,<br>　v.<br>NEVADA, STATE OF, *et al.*,<br>　　　　　　Defendants. | Case No. 3:20-cv-00716-ART-CSD<br><br>ORDER |

**I.　DISCUSSION**

Plaintiff Carl Dean Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), initiated this case with a civil rights complaint pursuant to 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 10.) On July 4, 2021, the Court issued an order screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. (ECF No. 24.) The Court dismissed some of Plaintiff's claims with prejudice and dismissed other claims without prejudice and with leave to file an amended complaint by August 9, 2021. (*Id.* at 9-10.)

Plaintiff appealed the screening order, and his appeal was denied for lack of jurisdiction. (ECF Nos. 26, 33.) In the interim, Plaintiff filed a second civil rights complaint that included only a cover letter and 26 pages of exhibits. (ECF No. 28.) The Court did not accept this incomplete complaint and gave Plaintiff an extension to file a complete amended complaint by November 30, 2021. (ECF No. 24.)

On November 12, 2021, Plaintiff filed an amended complaint. (ECF No. 41.) The amended complaint contained only a very brief summary of Plaintiff's claims and directed the Court to Plaintiff's other filings for details on his claims

1

1  and factual allegations. (*Id.* at 4-6.)  On December 9, 2021, the Court dismissed
2  the complaint without prejudice and with leave to amend because the complaint
3  did not contain any specific claims or factual allegations about any of the
4  Defendants.  (ECF No. 44.)  The Court explained that in any amended complaint
5  Plaintiff must state the facts and his claims in the body of the complaint and that
6  failure to do so could result in dismissal of this action.  (*Id.*)  The Court gave
7  Plaintiff until January 14, 2022, to file a second amended complaint.  (*Id.* at 3.)

8       On December 13, 2021, Plaintiff filed a document entitled First Amended
9  complaint.  (ECF No. 45-1.)  This document does not contain any factual
10 allegations, but simply refers to Plaintiff's prior pleadings.  (*Id.*)  The document is
11 dated November 20, 2021, before the Court's order dismissing his amended
12 complaint.  (*Id.* at 9.)  As such, it appears that Plaintiff prepared this document
13 prior to receiving the Court's order.

14      On December 29, 2021, Plaintiff refiled the amended complaint that he had
15 previously filed on November 12, and which the Court had dismissed in its
16 December 9, 2021, screening order.  (ECF No. 47.)  On January 13, 2022, Plaintiff
17 filed a motion for an extension until February 14, 2022, to file a second amended
18 complaint.  (ECF No. 52.)  On March 7, 2022, Plaintiff filed a second appeal of
19 the Court's initial screening order, and this appeal was denied.  (ECF Nos. 58,
20 63.)  In April 2022, Plaintiff began refusing to accept mail from the Court.  (ECF
21 No. 62.)

22      On June 9, 2022, the Court gave Plaintiff 30 days to file a complete second
23 amended complaint.  (ECF No. 70.)  Plaintiff has not done so.  Plaintiff has filed
24 an "objection," in which he appears to request review of a Magistrate Judge's
25 Screening Order.  (ECF No. 75.)  However, all of the screening orders in this case
26 were issued by District Court Judges.  The Order giving Plaintiff 30 days to file a
27 complete second amended complaint (ECF No. 70) was also issued by a District
28 Court Judge.  In his "objection," Plaintiff also appears to argue that the Court

never addressed his discrimination claims in his First Amended Complaint. (*Id.*) However, the Screening Order dismissing the First Amended Complaint explained that the First Amended Complaint did not state any colorable claims because it "contains only brief, generalized descriptions of [Plaintiff's] claims, and directs the court to a brief he filed at ECF No. 30 for details about his claims." As the Court has repeatedly explained, Plaintiff's complaint must be complete in itself, without reference to other filings.

At this point, it is not clear whether there is any meaningful alternative to dismissing this case, as Plaintiff has repeatedly failed or refused to file a complete second amended complaint. The Court issued its initial screening order over a year ago, and Plaintiff has either failed or refused to file a complete amended complaint correcting the deficiencies of the original complaint. This case cannot proceed unless Plaintiff files a second amended complaint. However, in light of Plaintiff's *pro se* status, the Court will grant Plaintiff one final opportunity to file a second amended complaint.

If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint, and any other amended complaints, and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form and it must be entitled "Second Amended

Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint by November 1, 2022. If Plaintiff chooses not to file a second amended this case will be subject to dismissal without prejudice for failure to state a claim.

## II.     MOTIONS

Plaintiff has filed numerous motions in this case. The Court will now address some of the outstanding motions. The Court notes that this case remains at a prescreening stage. As such, no Defendants have been served, and no Defendant will not be served until and unless Plaintiff files a complete second amended complaint that includes a colorable claim against that Defendant. Because this case remains at a prescreening stage, and Plaintiff has not yet filed a complaint with any colorable claims, the Court denies the following motions: the motion for early evaluation (ECF No. 32); the motion for oral argument (ECF No. 35); the motion to refer this case to the United States Attorney General (ECF No. 50); the motion for service (ECF No. 51); and the motion for summary judgment (ECF No. 56). None of these motions are appropriate at this time, and the Court denies these motions without prejudice.

Plaintiff has also filed a motion to appoint a United States District Attorney to represent him (ECF No. 42) and a motion for appointment of counsel (ECF No. 54). A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the

4

petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.* Plaintiff has not yet filed a complaint with any colorable claims. As such, the Court does not find exceptional circumstances that warrant the appointment of counsel at this time. Therefore, The Court denies the motion for appointment of counsel without prejudice.

Plaintiff also filed a motion to correct the First Amended Complaint (ECF No. 49), a motion for more time to file an amended complaint (ECF No. 52), and a motion for leave to file a second amended complaint (ECF No. 53), which appears to be an attempt to add a claim to the First Amended Complaint, rather than file an actual second amended complaint. As the Court has already dismissed the First Amended Complaint, and is granting Plaintiff one final opportunity to file a second amended complaint, the Court denies these motions as moot.

**III.   CONLUSION**

It is therefore ordered that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint by November 1, 2022.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the First Amended Complaint (ECF No. 41). If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be subject to dismissal without prejudice.

It is further ordered that the following motions are denied without prejudice: ECF Nos. 32, 35, 42, 50, 51, 54, 56.

1    It is further ordered that the following motions are denied as moot: ECF
2 Nos. 49, 52, 53.

4    DATED THIS 28th day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE