UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL DEAN EDWARDS,<br><br>                              Plaintiff,<br>   v.<br>NEVADA, STATE OF, *et al.*,<br><br>                            Defendants. | Case No. 3:20-cv-00716-ART-CSD<br><br>ORDER |

**I.    DISCUSSION**

On July 4, 2021, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A. (ECF No. 24.) The Court dismissed the complaint without prejudice and with leave to file a first amended complaint. (*Id.*) On December 9, 2021, The Court dismissed Plaintiff's first amended complaint without prejudice and with leave to file a second amended complaint because the first amended complaint did not contain any specific claims or factual allegations about any of the Defendants. (ECF No. 44.) Since that time, the Court has repeatedly extended the deadline for Plaintiff to file a second amended complaint. (ECF Nos. 70, 78.) Each time, the Court warned Plaintiff that if he failed to file a timely second amended complaint, the case would be subject to dismissal. (*Id.*)

On September 28, 2022, the Court ordered Plaintiff to file any second amended complaint on or before November 1, 2022. (ECF No. 78.) The Court warned Plaintiff that if he failed to file a second amended complaint, this case would be dismissed without prejudice. (*Id.*) Rather than filing a second amended complaint, Plaintiff appealed the Court's order, and that appeal has now been dismissed for a lack of jurisdiction. (ECF Nos. 79, 81.)

On November 14, 2022, Plaintiff filed a motion requesting an extension until February 2, 2023, to file a second amended complaint or hire an ADA law

1

firm. (ECF No. 83.) It has now been more than 16 months since the Court dismissed Plaintiff's initial complaint, and more than 11 months since the Court dismissed Plaintiff's first amended complaint. The Court denies Plaintiff's motion for an extension until February 2, 2023. However, the Court will grant Plaintiff an extension until December 23, 2022. If Plaintiff does not file a complete second amended complaint on or before December 23, 2022, this case will be subject to dismissal without prejudice.

Plaintiff has also requested an enlargement of the page limit for a complaint. Under District of Nevada General Order No. 2021-05, which applies to pro se civil rights complaints filed by inmates, a complaint or amended complaints may not exceed 30 pages. General Order No. 2021-05 further states that "the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. Failure to state the facts and claims within the body of the complaint or amended complaint, without reference to any attached exhibits or affidavits, may result in dismissal." If a plaintiff believes that he needs more than 30 pages, he must file a motion seeking permission to exceed the page limit, and the motion itself may not exceed 3 pages. Motions to exceed the page limit are looked upon with disfavor and will not be routinely granted.

Plaintiff has not explained why he needs more than 30 pages, nor has he attached any proposed second amended complaint. As such, Plaintiff's request for an enlargement of the page limit is denied without prejudice. As the Court has previously explained, the second amended complaint does not need to include any legal analysis or briefing. Plaintiff only needs to state what claims he is bringing and allege the facts supporting those claims.

If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original complaint, and any other amended complaints, and, thus, the second amended complaint must

be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the second amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint."

The Court notes that if Plaintiff chooses to file a second amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint by December 23, 2022. If Plaintiff chooses not to file a second amended this case will be subject to dismissal without prejudice for failure to state a claim.

**III. CONLUSION**

It is therefore ordered that Plaintiff's motion for an extension until February 2, 2023, to file a second amended complaint (ECF No. 83) is denied. The Court grants Plaintiff an extension until December 23, 2022, to file a second amended complaint.

It is further ordered that Plaintiff's request to exceed the 30-page limit for a civil rights complaint (ECF No. 83) is denied without prejudice.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the First Amended Complaint (ECF No. 41). If Plaintiff chooses to file a second amended complaint, he should use the approved form and he will write the words "Second Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be subject to dismissal without prejudice for failure to state a claim.

DATED THIS 29th day of November 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE