UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CARL DEAN EDWARDS,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>NEVADA, STATE OF, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:20-cv-00716-ART-CSD<br><br>ORDER |

**I.   DISCUSSION**

On July 4, 2021, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A. (ECF No. 24.) The Court dismissed some claims without prejudice but without leave to amend because they should have been brought in a habeas corpus petition. (*Id.* at 9.) The Court dismissed other claims without prejudice and with leave to file a first amended complaint. (*Id.*) On December 9, 2021, the Court dismissed Plaintiff's first amended complaint without prejudice and with leave to file a second amended complaint because the first amended complaint did not contain any specific claims or factual allegations about any of the Defendants. (ECF No. 44.) Since that time, the Court has repeatedly extended the deadline for Plaintiff to file a second amended complaint. (ECF Nos. 70, 78, 85.) Each time, the Court warned Plaintiff that if he failed to file a timely second amended complaint, the case would be subject to dismissal. (*Id.*)

On November 14, 2022, Plaintiff filed a motion requesting an extension until February 2, 2023, to file a second amended complaint or hire an ADA law firm. (ECF No. 83.) The Court denied the motion but granted Plaintiff an extension until December 23, 2022, to file any second amended complaint. (ECF No. 85.) That deadline expired more than three weeks ago, and Plaintiff did not file an amended complaint, move for another extension, or otherwise respond.

1     District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord*

*Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

Because this action cannot realistically proceed until and unless Plaintiff files a second amended complaint, the only alternative is to enter another order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception. The Court has granted Plaintiff multiple extensions over the course of more than a year to file a second amended complaint. There is no hint that Plaintiff did not receive the Court's most recent order setting a December 23, 2022, deadline for a second amended complaint. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.    CONLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a second amended complaint in compliance with this Court's November 29, 2022, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that Plaintiff's motions for various relief (ECF Nos. 60, 65, 72, 73) are denied as moot.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is granted. Plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

It is further ordered that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

It is further ordered that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of **Carl Dean Edwards, #1093761** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

DATED THIS 17th day of January 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE